PYNCHON v. DE BLOIS et al.

(Circuit Court, D. Connecticut. March 12, 1902.)

PATENTS—INFRINGEMENT—TROUSERS HANGER.

The Pynchon patent, No. 662,656, for a trousers hanger, claims 1 and 5, construed, and *held* not infringed.

In Equity. Suit for infringement of letters patent No. 662,656, granted to L. F. L. Pynchon November 27, 1900, for a trousers hanger. On final hearing.

Charles L. Burdett, for complainant.
Gross, Hyde & Shipman, for defendants.

TOWNSEND, District Judge. Final hearing on bill and answer raising questions of validity and infringement of complainant's patent, No. 662,656, granted him November 27, 1900, for a trousers hanger. The complainant, Pynchon, has made a cheap, strong, light, simple, and efficient trousers hanger, and patented it as his invention. It found a ready market; some seventy or eighty thousand having been sold in the space of about fifteen months, without special advertising. One of the defendants (Lester), taking advantage of his acquaintance with Pynchon, learned from him all the details of his business, got a sample for the ostensible purpose of acting as Pynchon's selling agent, and shortly after appeared as one of the defendants, selling the hanger alleged to infringe, known as the "Delespo Hanger," and which is manufactured under a design patent granted July 31, 1900, to H. R. Williams. In general appearance and function, the two devices very nearly resemble each other. The first and fifth claims, only, are in issue, and are as follows:

"(1) In combination, a supporting bracket member, a frame-like member composed of branches extending back and forth, providing jaws opening alternately at opposite ends thereof; said frame-like member being supported at one end by the bracket member, whereby, beginning at the bracket member, each successive branch of the frame-like member is located farther from the support than the preceding branch."

"(5) As an improved article of manufacture, a trousers hanger, comprising a bracket having a socket and a clamp, the latter formed of a rod of spring metal, one end of which is bent at an angle to the plane of the clamp, and fits said socket, and the rest of the rod being bent back and forth to form substantially parallel jaws opening on opposite ends of the clamp."

The defense of lack of invention is chiefly supported by patent No. 242,225, granted to Sampson, May 31, 1881, for a rein holder; patent No. 399,552, granted to Patton, March 12, 1889, for an appliance for hanging and exhibiting boot and shoe laces; and patent No. 617,130, granted to Skinner, January 3, 1899, for a trousers hanger. As the Skinner patent alone is a sufficient defense, the others will not be discussed. The Skinner trousers hanger consists of a continuous piece of wire bent backward and forward in a horizontal plane like the trousers hanger in suit, except that the wires contiguous to each other, instead of being parallel, are so bent as to come together at the ends, and thus form a series of resilient clamps to hold the trouser ends in place. But the patentee says:

"The remainder of said spaces, which tapers to said openings, is yielding to a degree necessary to allow the said sides to become parallel when the said trousers bottoms are between them," etc.

Thus, when the Skinner hanger is in use, the location and relation of the branches or wires are identical with those of the hanger in suit; or, if the wire of which the Skinner branches are composed were of inferior steel, the branches, after use, would become parallel. The hook by which the hanger is suspended is shown as placed in the center of the device, while in the patent in suit it is at one end. But as to his hook, Skinner says:

"It is evident I may place said hook upon one of the outmost sides, 1 or 5, for that purpose [to suspend it], in which case the device, when so suspended, hangs vertically."

The construction shown by this suggested change in the location of the hook, or by cutting off one-half of the hanger shown in the drawing, is the defendants' construction, except that, in order to substitute horizontal suspension for vertical suspension, the hook is bent at right angles to the branches of the hanging arms. In these circumstances, the complainant is forced to rely on the contention that Pynchon's inventive idea was that of a supporting bracket member, having a socket and clamp, all being integral. But it is admitted that the original application described the hanger "as composed of two members, a 'bracket' * * * and 'a clamp or holder,'" and the file wrapper shows this idea of separableness maintained during the proceedings in the patent office until the amendments of August 18, 1900, after defendants had begun to put their hanger on the market. It is true that the fifth claim, now in suit, was one of the original claims, and it may be that its language, "a trousers hanger comprising a bracket having a socket and clamp, the latter formed of a rod of spring metal, one end of which is bent at an angle to the plane of the clamp, and fits said socket," etc., does not necessarily negative separableness; but the drawing shows and the specifications forcibly suggest that the clamp member is distinct from and fitted into the bracket member. In the defendants' hanger the hook and clamp are made of a single piece of wire. The plate by means of which the screw holds the hook is not a bracket. This construction, therefore, does not infringe. The same result could be obtained by a hook with a smaller eye, and a screw with a larger head. These conclusions dispense with the necessity of considering the other alleged anticipations,—the further limitations shown by the file wrapper, or the contention of lack of novelty in the bracket member.

Let the bill be dismissed.